1. Whether the district court abused its discretion in denying relief under Fed. R. Civ. P. 60(b)(3) where Movants presented evidence, including Class Counsel's Extraordinary Injury Claim filed August 21, 2024 documenting a class member's causation linked lung disease diagnoses, that Class Counsel concealed material expert findings about health risks and made affirmative misrepresentations about the absence of long-term health consequences to induce Movants' execution of individual Personal Injury Releases.

2. Whether the district court erred as a matter of law by importing the Ninth Circuit's rule that Rule 60(b)(3) relief is unavailable against non-opposing parties into a circuit that has not adopted that rule and whether Norfolk Southern's status as counterparty to the Releases and direct beneficiary of the misrepresentations renders the misconduct attributable to an opposing party within the meaning of Rule 60(b)(3).

3. Whether the district court abused its discretion in denying relief under Fed. R. Civ. P. 60(b)(6) by failing to recognize the extraordinary circumstances presented by the systematic concealment of expert findings from class members, the use of a non-independent physician to provide materially false health-risk information to induce opt-in decisions and the structural defects in the settlement process including a confidential termination agreement granting Norfolk Southern unilateral withdrawal rights undisclosed to class members.

4. Whether the district court abused its discretion in denying relief under Fed. R. Civ. P. 60(d)(3) for fraud on the court, where Class Counsel as officers of the court made affirmative misrepresentations to the district court at the fairness hearing, thereby corrupting the court's ability to assess the fairness of the settlement.

5. Whether the district court erred in holding the individually signed Personal Injury Releases binding and not subject to rescission under Ohio law, including (a) whether the releases' no-reliance cause bars a fraud-in-the-inducement claim where the fraud was perpetrated by Movants' own fiduciaries rather than by the counterparty; (b) whether the tender-back of consideration previously received is a condition precedent that can be addressed at the remedy stage rather than a bar to the claim; and (c) whether the court correctly applied the third-party fraud doctrine to Class Counsel, who occupied a fiduciary relationship with Movants.